IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LIONEL HANNA

vs.                                             5:06cv65/MCR/MD

MICHAEL PETTIFORD

**REPORT AND RECOMMENDATION**

This matter is before the court upon a pleading construed as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 1). The government has filed a response (doc. 11) and the petitioner has filed a reply (doc. 12).

Petitioner Lionel Hanna is a federal prisoner currently housed at the Federal Correctional Institution in Marianna, Florida. This case was originally filed as a petition for writ of mandamus and/or petition for writ of prohibition in the United States District Court for the Southern District of Mississippi, Western Division, when petitioner was incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi. (Doc. 1). Petitioner sought an award of good time credit for which he was no longer eligible when he resigned from the GED classes given at the institution without successfully completing his GED. The district court in Mississippi denied the motion for writ of mandamus, and construed the petition as one for habeas relief pursuant to 28 U.S.C. § 2241. (Doc. 4). After being directed to respond (doc. 7), the warden Michael Pettiford filed an answer. (Doc. 11). Petitioner filed a response (doc. 12), a notice of change of address (doc. 14) and finally a motion for judgment on the pleading and/or request for an evidentiary hearing on July 10,

2005. (Doc. 15).[1] In a memorandum opinion and order dated March 6, 2006, the then-presiding district judge found that although the petition was without merit, that court was without jurisdiction to consider the petition in light of petitioner's transfer to the Northern District of Florida. (Doc. 17, citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)).

It is the opinion of this court that the case was improvidently transferred. While *Padilla* clearly provides that "for habeas petitions challenging present physical confinement, jurisdiction lies in only one district, the district of confinement." 124 S.Ct. at 2722, the Court did not have before it a situation such as this, where the petitioner was transferred after having filed a habeas petition with the proper court.[2] The *Padilla* Court nonetheless acknowledged the limited proposition enunciated in *Ex parte Endo*, 323 U.S. 283, 306, 65 S.Ct. 208, 89 L.Ed. 243 (1944), that "when the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." 124 S.Ct. at 2721.[3] The dissent also noted, citing *Endo*, that "if jurisdiction was proper when the petition was filed, it cannot be defeated by a later transfer of the prisoner to another district." 124 S.Ct. at 2731.

Thus, *Padilla* does not appear to alter the longstanding rule that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change. See*, e.g., Santillanes v. United States Parole Commission,* 754 F.2d 887, 888 (10th Cir. 1985)*; Mujahid v. Daniels,* 413 F.3d 991, 994 (9th Cir. 2005) (citing *Padilla*);  *Prevatte v. Gunja,* 167 Fed.Appx. 39, 42 (10th Cir. 2006); *Francis v. Rison,* 894 F.2d 353, 354 (9th Cir. 1990); *Lee v. Wetzel,* 244 F.3d 370, 375 n.5 (5th Cir. 2001); *Sweat v. White*, 829 F.2d 1121, 1121 (4th  Cir. 1987) (Table, text

---

[1] The response to this motion, doc. 16, was not referred with the pleadings from the Southern District of Mississippi.

[2] In *Padilla*, the habeas petition was filed two days after petitioner's transfer to another jurisdiction.

[3] The petitioner in this case had initially named the Bureau of Prisons and the Department of Justice as respondents, but they were dismissed by the district court. (Doc. 7).

in WESTLAW). Were the rule otherwise, a petitioner's case could potentially be delayed in perpetuity by repeated transfers. Such a result surely was not intended.

Finally, the court notes that the transferring court cited 28 U.S.C. §§ 1404(a) and 1406(a) as a basis for the transfer. Each of these statutes provides for transfers to any district or division in which the case "[could] have been brought." The case at bar clearly could not have been brought in this district or division at the time it was filed. Therefore, the petition should be transferred back to the court in which it was initially filed.[4]

Based on the foregoing, it is respectfully RECOMMENDED:

Petitioner's motion for judgment on the pleading and/or request for a hearing (doc. 15) be DENIED; and

The petition for writ of habeas corpus (doc. 1) be transferred back to the United States District Court for the Southern District of Mississippi, Western Division.

At Pensacola, Florida, this 17th day of July, 2006.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

---

[4] After review of the parties' submissions, this court concurs with the transferring court's assessment that the petition is without merit and is due to be denied for the reasons stated in the government's response. (See doc. 11, doc. 17 at 1). The transferring court, believing it was without jurisdiction to enter judgment, transferred it to this court in lieu of dismissal. Therefore, if the district judge does not find transfer back to Southern District of Mississippi to be appropriate, the petition should be denied on the merits. (Doc. 11).

Case No: 5:06CV65/MCR/MD